UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TYRONE RICHARD PAYNE**                                       **PETITIONER**

**v.**                                               **CIVIL ACTION NO. 3:16CV-P318-TBR**

**MARK BOLTON**                                               **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Tyrone Richard Payne, an inmate currently incarcerated in the Louisville Metro Department of Corrections (LMDC), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee. Thereafter, he filed a motion for immediate release. The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] If the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will summarily dismiss the § 2241 petition.

**I.**

In the § 2241 habeas petition (DN 1), Petitioner challenges his state pretrial detention with respect to Jefferson Circuit Court Case Nos. 15CR002743, 13CR002233, and 16F001459. He reports that he filed a motion to dismiss all three cases in November 2015 but the judge would not consider his claims; that a plea agreement was offered on March 31, 2016; and that a plea agreement was to be signed May 9, 2016, "but again laid over, and we are back to 'pre-trial' hearing, now scheduled to be signed on June 29, 2016." As relief, Petitioner seeks "Release

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

from Prison" and for the Court to "grant my relief from all charges and or give me Credit-Time served for violation of My Constitutional Rights."

Petitioner raises five grounds for relief in his petition. First, Petitioner alleges a violation of the "Fourth Amendment rule – to deter illegal police conduct." He claims that a Louisville Metro Police Department Detective "stated to Grand Jury and before Judge Michelle B. Stengel during Court proceeding on 7/12/2013 . . . while under oath Fraudulent – erronous facts" against Petitioner "in order to secure a Fraudulent Felony charge for Assault 1."

Second, Petitioner alleges the violation of the Fourteenth Amendment "'Fair Equal Protection of the law,'" when two persons he designates as "Plaintiffs" and with whom he had confrontations were given protective orders against Petitioner but Petitioner was never given a protective order against them.

Third, Petitioner alleges a violation of "his right to a speedy and public trial pursuant to 6th Amendment of the Constitution." He states that after "that 3rd Confrontation with the Plaintiffs [], he was . . . placed in Jail at LMDC since April 1st 2013." He states that "he was given several, over 5 actual court dates within 3 years to rectify these charges he is being held under, but every single time he appear before court, Trial Judge Olu A. Stevens, the state court would lay over his trial-date." He claims that "the state court has Imposed unreasonable Length of delays,– no true legal reason for delays,– and the denial of his assertion of this specific right – as he stated to state court before Trial-court Judge Olu A. Stevens on Feb, 9, 2016[.]" He concludes that "[t]his is nothing but in his opinion 'prejudice' to him, and subjects him to 'oppressive incarceration'!" Petitioner states that he "spoke up during Court to Trial-Judge about these concerns but he disregarded them."

Fourth, Petitioner alleges a Fourth Amendment violation of his right to be secure against unreasonable searches and seizures, which he claims resulted in an "Additional felony case No. 16F001459."

Finally, Petitioner alleges several claims of ineffective assistance of counsel in violation of the Sixth Amendment. He claims that "the court appointed Public Defenders denied him the opportunity to raise claims of his Constitutional Rights being violated" and that there was a "conflict of interest between court appointed attornies and himself." He reports that he "made the state court appointed attornies and their supervisors aware of his Constitutional Claims, by letters, and 'pro se' motions sent to attornies and Judges."

Petitioner claims that he exhausted his claims as follows:

> I told and made all claims to my Defense Attorney – Public Defender and I also wrote letters to his Supervisors concerning my claims. I also sent "5" actual copies to Judge Olu A. Stevens with my claims as well as spoke up in court on 2/9/2016 requesting my claims and I also filed my claims into a 1983 Federal Action Suite.[2]

Petitioner also states,

> I appeared before Trial Court Judge Olu A. Stevens and during court asked, "Did You recieve my Motion to Dismiss"?, He replied, No I tend not to consider "Pro-se" Motion when you have a court appointed attorney. He disregard all opportunity to raise my Constitutional Rights violations claims, to include request for Lower Bond.

In his motion for immediate release (DN 5), Petitioner advises that "before The Honorable Judge Brian C. Edwards on June 29, 2016, he accepted a Alford Plea Agreement for two charges #1> Assault 1st Degree Case No. 13CR2233, 4 years to serve #2> Escape 2nd Degree Case No. 15CR2743, 1 year to serve, But to run consectively for a total of '5' years." Petitioner claims that per the plea agreement "he would recieve a jail-credit time for every single-day that he has served in L.M.D.C. Jail." Petitioner, therefore, requests the Court to (1) "Order

---

[2] Petitioner references Civil Action No. 3:14CV-600-DJH, a civil-rights action he filed pursuant to 42 U.S.C. § 1983.

Department of Corrections [DOC] to render a correct – Time sheet with a start –date of April 1st 2013 [the actual date he was arrested]";[3] and (2) "Release Me!!!"

## II.

A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, *1 (6th Cir. Nov. 16, 1993).

Because in his habeas petition Petitioner seeks dismissal of his pending state charges, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. Additionally, to the extent that Petitioner may want a speedy trial or other resolution of those charges, he has not exhausted his claims in the state court. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront

---

[3] Petitioner claims that the DOC "will create a Time-sheet 'But' present a start date of June 29, 2016. This date is the actual Final-sentence date." To the extent Petitioner has already been finally sentenced, he may raise his constitutional challenges by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, following exhaustion of available state-court remedies. *See* 28 U.S.C. § 2254 (applying to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, neither presenting the issues to his counsel or their supervisors nor the filing of a § 1983 civil action constitutes exhaustion. Moreover, to the extent Petitioner claims that the trial judge would not consider his *pro se* motion concerning speedy trial, he has not alleged that he filed a petition for writ of mandamus in the appellate court asking that court to compel the trial court to act. Finally, as to his request that this Court Order the DOC to render a correct time sheet so that he will get the correct jail-time credit, Petitioner fails to indicate that he has moved the trial court for such relief. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies.

The habeas petition will, therefore, be dismissed.

### *Certificate of Appealability*

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a COA is not warranted.

The Court will enter an Order consistent with this opinion.

Date:

cc: Petitioner, *pro se*
  Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.005